OPINION OF THE COURT
Per Curiam.
The Grievance Committee for the Ninth Judicial District served the respondent with a verified petition dated April 19, 2012, containing three charges of professional misconduct. After a hearing, the Special Referee sustained all three charges. The Grievance Committee now moves to confirm the Special Referee’s report and impose such discipline upon the respondent as this Court deems just and proper. The respondent opposes the Grievance Committee’s motion, arguing that his conduct, while technically “illegal,” did not rise to the level of professional misconduct. In the alternative, the respondent requests that any discipline be limited to a public censure.
Charge one alleges that the respondent engaged in illegal conduct in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (b). On March 14, 2011, the respondent entered a plea of guilty in the Yonkers City Court to a violation of Election Law § 17-108 (2), an unclassified misdemeanor. By decision and order on motion dated April 4, 2012, this Court found that the respondent was convicted of a “serious crime” within the meaning of 22 NYCRR 691.7 (b) and Judiciary Law § 90 (4) (d).
Charge Two alleges that the respondent engaged in conduct involving deceit or misrepresentation in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (c). The respondent filed an affidavit ballot envelope dated September 15, 2009, on which he indicated that his home address was 279 South Broadway, Yonkers, New York. However, on September 15, 2009, the respondent did not reside at that address.
Charge Three alleges that the respondent engaged in conduct prejudicial to the administration of justice in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d). On September 15, 2009, the respondent voted at the polling site for *10 Ward 4, Election District 6, which falls within County Legislative District 17 and Yonkers City Council District 2. However, the respondent’s home address was located outside Ward 4 and Election District 6.
In view of the respondent’s admissions and the evidence adduced at the hearing, we conclude that the Special Referee properly sustained all three charges. With regard to charge three, we note that the respondent’s plea of guilty to a violation of Election Law § 17-108 (2), wherein he admitted that he made a false statement to the Board of Elections, falls within the broad ambit of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d), since such conduct has a sufficient nexus to the justice system and/or undermines public confidence in lawyers as officers of the court. Accordingly, the Grievance Committee’s motion to confirm the Special Referee’s report is granted.
In determining an appropriate measure of discipline to impose, this Court has considered the mitigating evidence proffered by the respondent with respect to his pro bono work, his reputation in the community, the isolated nature of the underlying misconduct, and the lack of harm to any client. This Court has also considered the respondent’s prior disciplinary history, which consists of two letters of caution.
Under the totality of the circumstances, the respondent is publicly censured for his misconduct.
Eng, PJ., Mastro, Rivera, Skelos and Balkin, JJ., concur.
Ordered that the petitioner’s motion to confirm the Special Referee’s report is granted; and it is further,
Ordered that the respondent, Wilson Soto, is publicly censured for his professional misconduct.